UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

          **Plaintiff,**

     v.                8:19-CV-1141
                           (FJS/DJS)

**CAROL NILES a/k/a Carol L. Niles;**
**TOMPKINS TRUST COMPANY,** in care of Tompkins
Financial Corporation; **JOHN DOE; MARY ROE;**
and **XYZ CORPORATION,**

          **Defendants.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **PINCUS LAW GROUP, PLLC**<br>425 RXR Plaza<br>Uniondale, New York 11556<br>Attorneys for Plaintiff United States of America | **CYNTHIA MALONE, ESQ.**<br>**SHERRI J. SMITH, ESQ.** |
| **CAROL NILES a/k/a Carol L. Niles**<br>Defendant | NO APPEARANCE |
| **OFFICE OF MARY LANNON FANGIO**<br>5158 Jupiter Inlet Way<br>Syracuse, New York 13215<br>Attorneys for Defendant Tompkins Trust Company | **MARY LANNON FANGIO, ESQ.** |
| **JOHN DOE, MARY ROE and**<br>**XYZ CORPORATION**<br>Defendants | NO APPEARANCES |

**SCULLIN, Senior Judge**

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
May 23 - 2022
John M. Domurad, Clerk

# MEMORANDUM-DECISION AND ORDER
# AND JUDGMENT OF FORECLOSURE AND SALE

## I. INTRODUCTION

Pending before the Court is Plaintiff's motion for a default judgment and entry of a judgment of foreclosure and sale. *See* Dkt. No. 26.

## II. BACKGROUND

On or about December 6, 2012, at the request of Defendant Carol Niles a/k/a Carol L. Niles (hereinafter "Defendant Niles"), Plaintiff lent her the sum of $49,950.00, which sum Defendant Niles did undertake and promise to repay, with interest at 3.1250% in specified monthly installments. *See* Dkt No. 1, Complaint, at ¶ 2. As evidence of indebtedness, Defendant Niles executed and delivered to Plaintiff a Promissory Note dated December 6, 2012. *See id.* at ¶ 3 & Exhibit "A" attached thereto. In order to secure payment of indebtedness, Defendant Niles executed, acknowledged and delivered to Plaintiff a real property mortgage dated December 6, 2012. *See id.* at ¶ 4 & Exhibit "B" attached thereto. The mortgage was duly recorded in the St. Lawrence County Clerk's Office on or about December 6, 2012, at Instrument No. 2012-00019445. *See id.* at ¶ 5. Plaintiff is the owner and holder of the Promissory Note and Mortgage. *See id.* at ¶ 6.

Defendant Niles breached and violated the provisions of the Promissory Note and Mortgage by neglecting and failing to pay installments of principal and interest when due, beginning with the July 6, 2018 payment despite due demand therefor and by failing to make payment of real property taxes when due, thus making it necessary for Plaintiff to pay the same to protect its interest. *See id.* at ¶ 7.

Plaintiff commenced this action on September 16, 2019, by filing the original complaint in the Office of the Clerk of this Court and with the Clerk of St. Lawrence County on October 17, 2019. *See* Dkt. No. 26, at p. 4, ¶ 9. Plaintiff brought this action against Defendants to foreclose a mortgage on real property designated as 55 Malby Avenue, Massena, New York 13662, which is improved with a single family home and which is located in St. Lawrence County, New York. The total balance secured by said mortgage as of September 14, 2021, is **$51,897.18**, comprised of the following amounts: (1) unpaid principal in the amount of **$39,663.36**; (2) unpaid interest through September 14, 2021, in the amount of **$4,061.46** (daily interest accrual $3.3958 per day at 3.1250%); (3) inspections in the amount of **$278.30**; (4) property management/caretaker in the amount of **$151.80**; (5) property acquisition in the amount of **$1,962.68**; and (6) replenishment of negative escrow in the amount of **$5,779.58**. *See* Dkt. No. 26 at 13-14. Plaintiff also requests an award of award of fees and disbursements in the amount of **$1,082.68**; and attorney's fees in the amount of **$3,500.00**. *See id.* at 14.

Plaintiff filed a Notice of Pendency containing all the particulars required by law in the Office of the Clerk of the Northern District of New York on September 16, 2019, and in the St. Lawrence County Clerk's Office on September 20, 2019. *See* Dkt. No. 26 at 5-6 & Exhibit "G" attached thereto.

Plaintiff served Defendant Tompkins Trust Company with the summons and complaint on September 26, 2019, and served Defendant Niles with the summons and complaint on October 18, 2019, *see* Dkt. No. 4, and their time to answer or otherwise appear with regard to the complaint has expired and has not been extended by consent or order of this Court. On December 27, 2019, Plaintiff requested a Clerk's Entry of Default against all Defendants, except Defendant Doe, Defendant Roe, and Defendant XYZ Corporation, whom Plaintiff seeks to

terminate as parties to this action.  *See* Dkt. No. 7; Dkt. No. 26 at 5, ¶ 12.  The Clerk entered that default on December 30, 2019.  *See* Dkt. No. 8.  Plaintiff served a separate copy of the "90 day notice" on Defendant Niles as New York Law requires.  *See* Dkt. No. 26 at 5, ¶ 13 & Exhibit "D" attached thereto.  This notice was registered with the State of New York.  *See id.* & Exhibit "E" attached thereto.  Upon information and belief, none of the individual Defendants are in the military nor are they infants or incompetent persons.  *See id.* at 4-5, ¶ 10.  Finally, having reviewed the description of the property, which, as noted, has been improved with a single family home, Plaintiff has determined that the mortgaged premises cannot be sold except as a single parcel.  *See id.* at 6, ¶ 19.

### III. DISCUSSION

**A.     Plaintiff's motion to amend the caption of the complaint**

Plaintiff seeks to amend the caption of the complaint and terminate Defendants John Doe, Mary Roe and XYZ Corporation as parties in this action.  *See* Dkt. No. 26.  There is no need to amend the caption.  However, the Court dismisses this action against these Defendants with prejudice because Plaintiff has ascertained that "[t]here were no tenants or occupants residing at the premises at issue under the[se] fictitious names[.]"  *See* Dkt. No. 26 at 5, ¶ 14.

**B.     Plaintiff's motion for entry of a default judgment and judgment of foreclosure and sale**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default.  *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").  Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of a default . . ., a proposed form of default judgment, and a copy of the pleading to which no response has been made").

### 1. *Liability*

By failing to answer, Defendants are deemed to have admitted the factual allegations in the complaint.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)).  However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief."  *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established Defendants' liability.

### 2. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages." *Id.* (citing Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff

has provided. Thus, the Court grants Plaintiff's motion for entry of a default judgment as follows:

| | |
|---|---:|
| Unpaid Principal | $39,663.36 |
| Unpaid Interest (through September 14, 2021) | 4,061.46 |
| Inspections | 278.30 |
| Property Management/Caretaker | 151.80 |
| Property Acquisition | 1,962.68 |
| Replenishment of Negative Escrow | 5,779.58 |
| **Total due as of September 14, 2021** | **$51,897.18** |

plus additional interest accruing on this amount from September 14, 2021, at a rate of 3.1250% per annum, through the date of entry of Judgment of Foreclosure and Sale, as well as an award of attorney's fees in the amount of **$3,500.00**.[1]

---

[1] With regard to Plaintiff's request for costs and disbursements, Local Rule 54.1(a) provides in pertinent part as follows:

> [t]he party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file . . . a verified bill of costs on **the forms that the Clerk provides**, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been necessarily incurred in the case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service. The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs it seeks.

N.D.N.Y. L.R. 54.1(a) (emphasis added).

Plaintiff did not submit the "forms that the Clerk provides" when submitting its request for costs and disbursements. Therefore, the Court will not consider the request at this time. Once Plaintiff has submitted the appropriate form and supporting documentation, the Court will consider the request and add any costs taxed to the Judgment of Foreclosure and Sale.

## IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to terminate this action against Defendants John Doe, Mary Roe, and XYZ Corporation, *see* Dkt. No. 26, is **GRANTED** and the Court **dismisses** Plaintiff's claims against these Defendants **with prejudice**; and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against the remaining Defendants, *see* Dkt. No. 26, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded a default judgment and Judgment of Foreclosure and Sale against Defendants in the amount of **$51,897.18** with interest continuing thereon at the rate of **3.1250%** per annum from September 14, 2021, to the date of entry of this Judgment of Foreclosure and Sale and, thereafter, interest on this amount from the date of entry of Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a) and an award of attorney's fees in the amount of **$3,500.00** with interest on the attorney's fees continuing from the date of entry of this Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 55 Malby Avenue, Massena, New York 13662, a parcel of land improved with a single family home, is to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties.  The name and phone number of the servicer for Plaintiff being the United States Department of Agriculture, 1-800-414-1226; and the Court further

**ORDERS** that the mortgaged property described in the Complaint and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided for in New York Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel at a public auction to be held at the **St. Lawrence County Courthouse, 48 Court Street, Canton, New York 13617**, by and under the direction of **Yanci R. Herboldt, Esq., 4332 Heritage Drive, Apt. B05, Liverpool, New York 13090-2037**, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale in accordance with RPAPL § 231; and the Court further

**ORDERS** that the Referee shall cause to be sent by mail a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to the following:

> Carol Niles a/k/a Carol L. Niles
> 55 Malby Avenue
> Massena, New York 13662
>
> Tompkins Trust Company
> c/o Tompkins Financial Corporation
> 118 East Seneca Street
> Ithaca, New York 14850

and the Court further

**ORDERS** that the Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in St. Lawrence County, New York, where the premises are located; and the Court further

**ORDERS** that the Referee cause the Notice of Sale to be published once weekly for four consecutive weeks in the **Courier Observer**, a newspaper of general circulation published in St. Lawrence County, where the mortgaged premises are located.  The Notice of Sale need not contain the full legal description of the property as set forth in "Schedule A," attached hereto, but may refer to the property as 55 Malby Avenue, Massena, New York 13662; and the Court further

**ORDERS** that Plaintiff or any other party to this action may become a purchaser at such sale; and the Court further

**ORDERS** that the Referee shall execute to the purchaser at such sale a deed of the premises sold and, upon receiving the proceeds of such sale, forthwith pay the following items:

**FIRST**, the Referee's fees and commissions associated with said sale, not to exceed the sum of **$500.00**;

**SECOND**, the Referee's advertising expenses as shown on bills to be specified in the Referee's Report of Sale; and

**THIRD**, the sum of **$51,897.18** with interest continuing thereon at the rate of 3.1250% per annum from September 14, 2021, to the date of entry of this Judgment of Foreclosure and Sale and, thereafter, interest on this amount from the date of entry of this Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same and an award of attorney's fees in the amount of **$3,500.00** with interest on the award of attorney's fees continuing from the date of entry of this Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that, if Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to and acquired by Plaintiff and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff

as specified above in item marked "THIRD"; and, if after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the Referee, upon delivery to it of said Referee's Deed, the amount of said surplus; and that the Referee then shall make the payments as herein directed; and the Court further

**ORDERS** that the Referee shall take the receipt of Plaintiff or its attorney for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale; and the Court further

**ORDERS** that the Referee shall deposit any surplus moneys with the Clerk of this Court within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court; and the Court further

**ORDERS** that the Referee shall make his Report of Sale and file it with the Clerk of this Court with all convenient speed.  That if the proceeds of the sale are insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale; and the Court further

**ORDERS** that the purchaser at such sale shall be let into possession of the premises sold upon production of the Referee's Deed to such premises; and the Court further

**ORDERS** that each and every Defendant in this action, and all persons claiming under them, or any one of them, after filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.  The premises affected by this action are situated entirely within the County of St. Lawrence, State of New York, and designated as 55 Malby Avenue, Massena, New York 13662, further described in Schedule "A,"

attached hereto, together with all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of and adjoining said premises, to the center line thereof, together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

**IT IS SO ORDERED.**

Dated: May 23, 2022
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

Schedule A – Niles to USDA Mortgage

All that tract or parcel of land situate in the Village of Massena, Town of Massena, County of St. Lawrence and State of New York, shown as Lot No. 5 of Block No. 104 on a map titled "Map No. E-9439-I, Subdivision Plan of Pine Grove Realty Company's Southern Development – Map No. 1" filed in the Office of the Clerk of St. Lawrence County on April 4, 1923 in Massena Map Book 2 at Page 8, being more precisely described as follows:

Beginning at a concrete monument marking the intersection of the west bounds of Malby Avenue and the south bounds of Alden Street;

1. thence, S 18° 37' 08" W along the west bounds of Malby Avenue a distance of forty-four and eighty-one hundredths (44.81') feet to a found iron pipe under an asphalt drive in the west bounds of Malby Avenue marking the northeast corner of the land of Beaulieu (2005-10652), lying N 75° 06' 53" W a distance of two and fourteen hundredths (2.14') feet from a magnetic nail in the asphalt driveway;

2. thence, N 75° 06' 53" W along the north line of the land of Beaulieu a distance of one-hundred eighteen and twenty-five hundredths (118.25') feet to a found iron pipe marking the northwest corner of the land of Beaulieu, lying in the east line of the land of Sauve (2005-17093);

3. thence, N 26° 40' 29" E along the east line of the land of Sauve a distance of sixty-nine and fourteen hundredths (69.14') feet to a point in a 24 inch maple tree marking the northeast corner of the land of Sauve lying in the south bounds of Alden Street;

4. thence, S 63° 00' 14" E along the south bounds of Malby Avenue a distance of one-hundred nine and forty-eight hundredths (109.48') feet to the point or place of beginning.

To contain 0.15 acres as surveyed during November 2012 by David M. Strack, L.S. No. 49533.

The Bearings are based on Magnetic North 2009 from prior surveys.

Being the same premises as described in a deed dated May 11, 1995 from Lilianne Marion, individually and as surviving spouse of Maurice L. Marion to Giles M. Marion, Paul E. Marion and Enid A. Snyder with life use to Lilianne Marion, recorded in the Office of the Clerk of St. Lawrence County on May 31, 1985 in Deed Book 1089 Page 43.

SUBJECT TO all easements, restrictions, reservations, conditions, covenants, appropriations, rights and privileges of record.

A map of the above described parcel of land was prepared on November 9, 2012 by David M. Strack, L.S. No. 49533 and is filed in his office under Job No. 68-12.

Parcel ID Tax Account#9.068-8-5