# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## JUDGMENT IN A CIVIL CASE

**UNITED STATES OF AMERICA**
       Plaintiff

    vs.                                CASE NUMBER: 8:19-cv-1141 (FJS/DJS)

**CAROL NILES a/k/a Carol L. Niles;**
**TOMPKINS TRUST COMPANY, in care of Tompkins**
**Financial Corporation; JOHN DOE; MARY ROE;**
**and XYZ CORPORATION**
       Defendant(s)

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's motion to terminate this action against Defendants John Doe, Mary Roe, and XYZ Corporation, *see* Dkt. No. 26, is **GRANTED** and the Court **dismisses** Plaintiff's claims against these Defendants **with prejudice**; and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against the remaining Defendants, *see* Dkt. No. 26, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded a default judgment and Judgment of Foreclosure and Sale against Defendants in the amount of **$51,897.18** with interest continuing thereon at the rate of **3.1250%** per annum from September 14, 2021, to the date of entry of this Judgment of Foreclosure and Sale and, thereafter, interest on this amount from the date of entry of Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a) and an award of attorney's fees in the amount of **$3,500.00** with interest on the attorney's fees continuing from the date of entry of this Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 55 Malby Avenue, Massena, New York 13662, a parcel of land improved with a single family home, is to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties. The name and phone number of the servicer for Plaintiff being the United States Department of Agriculture, 1-800-414-1226; and the Court further

**ORDERS** that the mortgaged property described in the Complaint and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided for in New York Real Property Actions and Proceedings Law ("RPAPL") be sold, in one parcel at a public auction to be held at the **St. Lawrence County Courthouse, 48 Court Street, Canton, New York 13617**, by and under the direction of **Yanci R. Herboldt, Esq., 4332 Heritage Drive, Apt. B05, Liverpool, New York 13090-2037**, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale in accordance with RPAPL § 231; and the Court further

**ORDERS** that the Referee shall cause to be sent by mail a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to Carol Niles a/k/a Carol L. Niles at the address of 55 Malby Avenue Massena, New York 13662 and Tompkins Trust Company c/o Tompkins Financial Corporation at the address of 118 East Seneca Street Ithaca, New York 14850; and the Court further

**ORDERS** that the Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in St. Lawrence County, New York, where the premises are located; and the Court further

**ORDERS** that the Referee cause the Notice of Sale to be published once weekly for four consecutive weeks in the **Courier Observer**, a newspaper of general circulation published in St. Lawrence County, where the mortgaged premises are located. The Notice of Sale need not contain the full legal description of the property as set forth in "Schedule A," attached hereto, but may refer to the property as 55 Malby Avenue, Massena, New York 13662; and the Court further

**ORDERS** that Plaintiff or any other party to this action may become a purchaser at such sale; and the Court further

**ORDERS** that the Referee shall execute to the purchaser at such sale a deed of the premises sold and, upon receiving the proceeds of such sale, forthwith pay the following items: FIRST, the Referee's fees and commissions associated with said sale, not to exceed the sum of $500.00; SECOND, the Referee's advertising expenses as shown on bills to be specified in the Referee's Report of Sale; and THIRD, the sum of $51,897.18 with interest continuing thereon at the rate of 3.1250% per annum from September 14, 2021, to the date of entry of this Judgment of Foreclosure and Sale and, thereafter, interest on this amount from the date of entry of this Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), or so much thereof as the purchase money of the mortgaged premises will pay of the same and an award of attorney's fees in the amount of $3,500.00 with interest on the award of attorney's fees continuing from the date of entry of this Judgment of Foreclosure and Sale to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that, if Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to and acquired by Plaintiff and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Referee of the

amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in item marked "THIRD"; and, if after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the Referee, upon delivery to it of said Referee's Deed, the amount of said surplus; and that the Referee then shall make the payments as herein directed; and the Court further

**ORDERS** that the Referee shall take the receipt of Plaintiff or its attorney for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale; and the Court further

**ORDERS** that the Referee shall deposit any surplus moneys with the Clerk of this Court within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court; and the Court further

**ORDERS** that the Referee shall make his Report of Sale and file it with the Clerk of this Court with all convenient speed. That if the proceeds of the sale are insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale; and the Court further

**ORDERS** that the purchaser at such sale shall be let into possession of the premises sold upon production of the Referee's Deed to such premises; and the Court further

**ORDERS** that each and every Defendant in this action, and all persons claiming under them, or any one of them, after filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof. The premises affected by this action are situated entirely within the County of St. Lawrence, State of New York, and designated as 55 Malby Avenue, Massena, New York 13662, further described in Schedule "A," attached hereto, together with all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of and adjoining said premises, to the center line thereof, together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

All of the above pursuant to the order of the Honorable **Frederick J. Scullin, Jr.**, dated the 23rd day of May, 2022.

DATED: May 24th, 2022

_____
Clerk of Court

s/Zach Cortese
Zach Cortese, Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.